## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**SPENCER L. LINDSAY,**

        Petitioner,

    v.                         CASE NO. 09-3257-SAC

**EMMALEE CONOVER,**

        Respondent.

### O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Winfield Correctional Facility, Winfield, Kansas. Petitioner has filed a motion to proceed in forma pauperis, and the attached financial document indicates it should be granted.

The following procedural history has been gathered, with some difficulty, from the allegations in the Petition, the Memorandum in Support, and petitioner's exhibits. It is set forth at this point as petitioner's statement of background and supporting facts, but not as findings of fact by the court. Mr. Lindsay was convicted upon his plea of no contest in Russell County District Court, Russell, Kansas, of possession of cocaine, K.S.A. 65-4160(a), a Severity Level 4 nonperson drug offense. The Presumptive Prison Sentencing Range for his offense severity level and criminal history classification of A was 40/42/37 months. On May 17, 2005, he was sentenced to the aggravated term of 42 months in prison. However, his sentence to imprisonment was suspended, and he was granted probation. The term of his probation was 48 months. Mr. Lindsay did not directly appeal his conviction or sentence, and alleges it was because he received probation and "was not aware of the illegal

sentence at the time."

In February 2006, Mr. Lindsay was charged with a probation violation, and a revocation hearing was held on February 14, 2006. The district court ordered that he "restart" the 48-month probation term and reinstated probation.

In January 2008, petitioner appeared before the state district court on another probation violation. He was granted credit for all time spent under the supervision of Community Corrections so that "more than 36 months" was credited toward his 48-month probation term. He was ordered to serve a 60-day "jail sanction" for incurring misdemeanor charges, and was reinstated to Court Services supervision for the remainder, which was 12 months, of his probation term.

On April 7, 2009, Mr. Lindsay was before the district court a third time on a probation violation. This time, the court revoked his probation, and imposed the underlying 42-month prison term. Upon incarceration, petitioner reviewed "his entire sentence" and found it to be illegal.

Petitioner alleges in very conclusory fashion that in July 2009 he filed three state habeas corpus petitions under K.S.A. § 60-1507, claiming "unlawful incarceration" because the court lacked jurisdiction and his sentence was in excess of the maximum authorized by law. He states these motions were denied for failing to apply to the sentencing court. Without providing dates or details, he also alleges he made "several attempts" to gain relief from "his sentencing court", which were denied sua sponte. Petitioner alleges he appealed the denial of these motions to the highest state court, but he does provide the date, any appellate

case number, the claims raised, or the results of any such appeal.

On August 20, 2009, Mr. Lindsay filed a motion to correct illegal sentence, claiming the sentencing court "illegally authorized a 48 month probation term for a severity level 4 drug offense, without the defendant present." He also argued that the sentencing court never held a "modification hearing" or made a judicial finding of necessity", which would have allowed it to legally impose a "probation term beyond the 12 month statutory maximum"[1]. He claimed the court lacked jurisdiction to revoke probation and order him to serve his underlying sentence because he had served over 12 months of probation[2]. After a "preliminary hearing" on November 5, 2009, the motion was denied by the sentencing judge, who "held that the pronouncement from the bench controlled". Petitioner did not appeal the denial of this motion.

On November 10, 2009, petitioner filed a "Motion for Arrest of

---

[1] K.S.A. § 21-4611(c)(3) provides in pertinent part:

> Except as otherwise provided, in felony cases sentenced at . . . severity level 4 on the sentencing guidelines grid for drug crimes, if a non prison sanction is imposed, the court shall order the defendant to serve a period of probation of up to 12 months in length. . . .

However, subsection (c)(5) provides:

> If the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the inmate will not be served by the length of the probation terms provided in subsections (c)(3) and (c)(4), the court may impose a longer period of probation. Such an increase shall not be considered a departure and shall not be subject to appeal.

The maximum term which may be imposed by the state district court under this statute is 60 months or the maximum period of the prison sentence that could be imposed, whichever is longer. K.S.A. 21-4611(c)(6).

[2] If petitioner were actually claiming that the revocation process violated due process, his remedy would be under 28 U.S.C. § 2241; and before proceeding in federal court, he would have to show full exhaustion of administrative and state court remedies on the claim that he received a 12-month rather than a 48-month probation term.

3

Judgment" claiming the state district court lacked jurisdiction, and that its decision violated federal case law, was based on an unreasonable determination of the facts in light of the evidence, and was not supported by sufficient evidence. This motion was denied on the same day it was filed. Petitioner filed a Notice of Appeal erroneously to the Chief Judge of the Russell County District Court, and was informed that any appeal of another district judge's rulings had to be taken to the Kansas Court of Appeals (KCOA). However, Mr. Lindsay did not appeal the denial to the KCOA.

Petitioner alleges that the sentencing judge imposed the "maximum term" of probation in general terms, but did not specify in his presence the number of months in his probation term. Instead, the judge stated he wanted to impose "the maximum that he can get on probation" and agreed with the State's suggestion to "find out what the maximum is and put it in." He argues that the maximum probation term for his offense is 12 months under K.S.A. § 21-4611(c)(3). He further alleges that the journal entry of sentencing reflects a probation term of the statutory maximum of 12 months, rather than the allegedly illegal 48-month term pronounced by the judge at sentencing.

As ground 1 for this Petition, Mr. Lindsay claims he is falsely imprisoned in violation of the Eighth Amendment. As factual support, he alleges the district court was without jurisdiction to revoke his probation and impose a prison term because his probation had already expired. He states that he has not exhausted this claim in state court, and makes the conclusory statement that the process is ineffective to protect his rights.

As ground 2, petitioner claims denial of due process and cites

4

the 6th Amendment of the United States Constitution. As factual support, he alleges he was denied access to the courts by the sua sponte denial of his motion to arrest judgment. He alleges he did not exhaust state remedies on this claim, because the process is ineffective to protect his rights.

As ground 3, petitioner claims he was denied equal protection of the law in that he was given a 48-month probation term for a severity level 4 drug offense "when the law clearly authorizes a 12 month maximum term for a non-prison sanction of probation." He alleges elsewhere that the "[s]entencing court did not find substantial and compelling reasons to upward depart in excess of the statutory 12 month maximum to 48 month probation term." Petitioner again states he did not exhaust state remedies on this claim, but claims it was because he was not aware the court had authorized an illegal sentence at the time.

As ground 4, petitioner claims he was denied procedural due process under the 5th and 14th Amendments. As supporting facts, he alleges the sentencing court was without jurisdiction "to allow the State . . . to pronounce sentence." He alleges elsewhere that he was not present when a probation term of 48 months "was authorized." He argues that he had the right to be present when the court sentenced him to a 48-month probation term. Petitioner states that he did not raise this claim on direct appeal because he did not know the court must pronounce sentence. He has not exhausted it through a post-conviction motion.

After stating that he did not present any of his claims on direct appeal or in a post-conviction motion, petitioner makes the contrary statement that all grounds raised have been presented to

5

the highest state court. However, he provides no dates, appellate case numbers, claims raised, or results in connection with any appeal of his claims.

The court finds that Mr. Lindsay's federal Petition is deficient in two respects. First, it appears that he has not fully exhausted all available state court remedies on any of his claims. 28 U.S.C. § 2254(b)(1) provides:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . ."

In the alternative, the applicant must show that State corrective process is either unavailable or ineffective. 28 U.S.C. § 2254(b)(1)(B). "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless and until every claim asserted has been presented by "invoking one complete round of the State's established appellate review process." Id. at 845. In this district, that means the claims must have been "properly presented" using correct procedures as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

It appears from Mr. Lindsay's own allegations that he has not presented any of his claims to either the Kansas Court of Appeals or the Kansas Supreme Court, the highest state court. In order to fully exhaust his state court remedies, Mr. Lindsay must seek

6

appropriate post-conviction relief in the state district court in which he was sentenced and present all the claims he wishes to ultimately present in a federal habeas corpus Petition. If relief is denied by the state district court he must appeal the denial to the Kansas Court of Appeals; and if that court denies relief he must file a Petition for Review in the Kansas Supreme Court. Petitioner's conclusory allegations that state court remedies are ineffective are not sufficient to excuse exhaustion in this case.

Second, it appears from the face of this federal Petition that it was not filed in a timely manner. The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that the

> time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . .

28 U.S.C. § 2244(d)(2).

Since Mr. Lindsay did not directly appeal, his state conviction and sentence became "final" for purposes of § 2244(d) on the day that the time expired in which he could have filed a direct appeal. He was sentenced on May 17, 2005[3]. His notice of appeal thus could be filed no later than May 28, 2005, and the time for him to file a

---

[3] Petitioner does not allege facts indicating that the start date for the limitations period should be other than the date his conviction became final.

direct appeal expired[4] on that date. It follows that Mr. Lindsay's sentence became "final" on May 28, 2005. The one-year statute of limitations for filing a federal habeas corpus petition thus began running on that date. Mr. Lindsay did not file any state post-conviction motion between May 28, 2005 and May 28, 2006. Consequently, it appears the limitations period ran unimpeded until it expired a year later on May 28, 2006. Any state post-conviction actions filed by Mr. Lindsay after that time had no tolling effect because the limitations period had already expired.

Petitioner does not respond to the question on his form petition regarding the statute of limitations. However, he makes a few conclusory allegations indicating he may wish to assert that he is entitled to equitable tolling. He is forewarned that he must allege facts, rather than conclusory statements, demonstrating his entitlement to equitable tolling. Equitable tolling of the limitation period is allowed when "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001). Petitioner will be given time to allege facts showing he is entitled to equitable tolling[5].

---

[4] K.S.A. 22-3608(c) sets forth the time frame within which a notice of appeal in a criminal case must be filed: "For crimes committed on or after July 1, 1993, the defendant shall have 10 days after the judgment of the district court to appeal."

[5] Equitable tolling is warranted only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808(10th Cir. 2000), quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999); Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir.), cert. denied, 531 U.S. 1035 (2000). To qualify for such tolling, petitioner must demonstrate that extraordinary circumstances beyond his control prevented him from filing his

8

Petitioner is also forewarned that complaints about unfamiliarity with the legal process have been found to provide no basis for equitable tolling. See Scott v. Johnson, 227 F.3d 260, 263 FN3 (5th Cir. 2000), cert. denied, 532 U.S. 963 (2001). Moreover, ignorance of the law generally and of the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated pro se prisoner. Marsh, 223 F.3d at 1220; Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert denied, 525 U.S. 891 (1998); Gibson, 232 F.3d at 808. Nor do claims of ineffectiveness of post-conviction counsel entitle him to equitable tolling, since there is no federal constitutional right to be represented by counsel in state post-conviction proceedings. Therefore, petitioner's allegation, that he did not realize his state sentence was illegal until years later when he was ordered to serve his prison term following his third separate probation violation, is not sufficient grounds for equitable tolling. Petitioner was presumably aware at the time he was sentenced of the facts underlying his claims, including that the judge failed to pronounce the months in his probation term at sentencing, and sentenced him to 48 rather than 12 months on probation without having a hearing or making adequate findings[6].

The court will give petitioner an opportunity to show that his Petition should not be dismissed for failure to exhaust and/or as

---

federal petition on time, and that he diligently pursued his claims throughout the period he seeks to toll. Miller, 141 F.3d at 978; Marsh, 223 F.3d at 1220. The Tenth Circuit has stated that equitable tolling is appropriate, for example, where a prisoner is actually innocent; when an adversary's conduct or other uncontrollable circumstances prevent a prisoner from timely filing; or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003).

[6] The court expresses no opinion as to the merit of these allegations.

time-barred. If petitioner does not present facts within the time provided indicating full exhaustion of state court remedies on all his claims and that the statute of limitations in this case was tolled, either by statute or by equitable tolling, then this action will be dismissed for failure to exhaust and as time-barred.

The court also notes that petitioner's Claim (2) appears to be a challenge to procedures utilized in denying one of his state post-conviction motions. It is well-settled that such challenges are not grounds for federal habeas corpus relief.

Finally, the court has considered petitioner's request that the court issue summons to respondents in this case (Doc. 4), and his motion for appointment of counsel (Doc. 5), and finds they should be denied. The court will determine if and when to require a responsive pleading from respondents, and petitioner's request for issuance of summons in this habeas corpus case is not proper procedure. Given the foregoing Order, petitioner must show cause why this action should not be dismissed before the court will consider requiring a response. Likewise, appointment of counsel at this juncture is not warranted, given that screening indicates this action is subject to being dismissed. In any event, there is no federal constitutional right to appointment of counsel in a federal habeas corpus proceeding. Petitioner may file a new motion for appointment of counsel if this action survives and it becomes apparent that appointment of counsel is necessary.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to show cause why this action should not be dismissed for failure to exhaust state court remedies and as time-barred.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted; his request for service of summons (Doc. 4) is denied; and his motion for appointment of counsel (Doc. 5) is denied, without prejudice.

**IT IS SO ORDERED.**

Dated this 11th day of January, 2010, at Topeka, Kansas.

<pre>                                        s/Sam A. Crow
                                        U. S. Senior District Judge</pre>